**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HANDY BAILEY,

    Plaintiff,

v.                                                              Case No. 8:06-CV-1206-T-30MAP

ELIZABETH A. KOVACHEVICH,
United States District Judge,

    Defendants.

_____/

## **ORDER**

    Plaintiff, a Federal inmate proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $350.00 filing fee or sought leave to proceed *in forma pauperis*.

    Plaintiff contends that Defendant has failed to uphold her sworn duty as an Article III judge by "direct and indirect actions" that deprived him of access to the court for redress of his claim of selective prosecution based on race. Having undertaken the mandatory screening required under 28 U.S.C. § 1915A, the Court finds that the complaint should be dismissed prior to service of process.

### **Discussion**

    The crux of Plaintiff's complaint is that "on four different occasions [he] attempted to have this [selective prosecution] claim addressed, or redressed on the merits" in collateral attacks on his criminal convictions "only to have Defendant dismiss his motions"

(Dkt. 1 at 1).[1] His most recent challenge to his conviction was a motion filed on May 17, 2006, seeking leave to "redress the selective enforcement of the Federal Weed and Seed Guidelines and the selective prosecution of blacks in a discriminatory fashion" in his § 2255 proceedings. *See Bailey v. United States*, Case No. 8:00-CV-845-T-17TBM (M.D. Fla. 2002), Dkt. 7. Defendant denied Plaintiff's motion on May 30, 2006, and barred him from filing further motions in that case without her prior approval. *Id.*, Dkt. 8. Plaintiff initiated the instant proceedings on June 28, 2006, asserting that by refusing to address the merits of his selective prosecution claim, Defendant violated his right of access to the court to redress grievances.

It is clear that Plaintiff's complaint is subject to *sua sponte* dismissal. First, § 1983 is not a device for challenging the constitutionality of a criminal conviction. *See Sibley v. Lando*, 437 F.3d 1067, 1070-71 (11th Cir. 2005). In the instant case, the question is not whether Plaintiff's conviction is constitutionally infirm, but rather whether entering orders denying Plaintiff's requests for collateral relief from his conviction is a judicial activity entitling Defendant to absolute immunity from suit. *Id.* at 1071.

The facts as alleged in Plaintiff's complaint show that Defendant was acting within the scope of her judicial authority as a federal judge in determining that his selective prosecution claim was procedurally barred. Federal judges are entitled to absolute

---

[1] Plaintiff was convicted by a jury of two counts of possession with intent to distribute cocaine base and sentenced to 30 years' imprisonment on April 24, 1998. *See United States v. Bailey*, Case No. 8:97-CR-213-T-17TBM (M.D. Fla. 1998). His judgment of conviction was affirmed on June 21, 1999. *See United States v. Bailey*, 189 F.3d 481 (11th Cir. 1999). Plaintiff filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 on April 26, 2000. In Ground One of his § 2255 motion, Plaintiff asserted that he was "prejudiced under selective prosecution by way of racial discrimination by an agent of the Government." *See Bailey v. United States*, Case No. 8:00-CV-845-T-17TBM (M.D. Fla. 2002). In its December 20, 2002 order denying Plaintiff's § 2255 motion, the district court found that the claim was procedurally barred because Plaintiff failed to raise it on direct appeal. *Id.* at Dkt. 5 at 4. The Eleventh Circuit likewise found that this claim was procedurally barred because Plaintiff failed to raise it on direct appeal or articulate cause and prejudice or a fundamental miscarriage of justice to excuse the default (Case No. 8:97-CR-213-T-17TBM, Dkt. 212 at 1). *See Bailey v. United States*, Case No. 03-11383-E (11th Cir. 2003).

immunity for judicial actions undertaken within the scope of their authority. *Bradley v. Fisher*, 80 U.S. (13 Wall.) 355 (1871); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). The doctrine of judicial immunity applies to both suits for damages and suits seeking injunctive and declaratory relief for acts taken by judges while acting in their judicial capacity. *See id.*; *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (holding that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" (citation omitted)).

As the Eleventh Circuit recently observed, "issuing an order is one of the 'paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court." *Bush v. Washington Mut. Bank*, 2006 WL 929385 at *1-*2 (11th Cir. Apr. 11, 2006) (quoting *Forrester v. White,* 484 U.S. 219, 227 (1988)). The second requirement for absolute immunity is likewise met because the United States District Courts have subject matter jurisdiction over actions brought pursuant to 28 U.S.C. § 2255. *See Dykes v. Hosemann*, 776 F.2d 942, 943 (11th Cir. 1985) (holding that "a judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability").

Without such immunity, the purpose of the judiciary as conceptualized in the Constitution would essentially be eviscerated. *Dennis v. Sparks*, 449 U.S. 24, 31 (1980).

The doctrine of judicial immunity is not defeated simply because an action is brought under § 1983.[2] *See Sibley*, 437 F.3d at 1071.

To the extent that the complaint may be read to assert that Defendant conspired to deprive Plaintiff of his constitutional rights, the Court finds that Plaintiff has not asserted sufficient factual allegations to support a § 1983 conspiracy claim. Plaintiff fails to allege sufficient facts to support an inference that Defendant conferred with anyone regarding her judicial rulings in his case, much less had contact with anyone with an intent to agree to act in concert to deprive Plaintiff of his constitutional rights. Plaintiff's allegations of a conspiracy are simply conclusory statements with no factual support. *See Fullman v. Graddick*, 739 F.2d 553, 561-62 (11th Cir. 1984). Where a complaint is devoid of any *particularized* allegations that a conspiracy existed, a prerequisite of a § 1983 conspiracy claim, the complaint fails to state a claim for which relief can be granted. *See GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998).

## Conclusion

For the foregoing reasons, the Court finds that even when liberally construed due to Plaintiff's *pro se* status, the complaint is subject to summary dismissal pursuant to 28 U.S.C. 1915A(b)(1). The deficiency in the complaint cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1.   Plaintiff is hereby assessed the $350.00 filing fee. *See* 28 U.S.C. § 1915(b)(2). As funds become available in Plaintiff's inmate trust account, he shall be

---

[2] Even without absolute immunity, Plaintiff's claims for declaratory and injunctive relief would fail pursuant to the restrictions on injunctive relief set forth in 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account. Upon receipt of this order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00. These payments shall continue until the filing fee of $350.00 is paid in full. The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number (# 21856-018); and (3) Middle District of Florida Case Number (8:06-CV-1206-T-30MAP). Checks or money orders which do not have this information will be returned to the penal institution.

2. Plaintiff's civil rights complaint is **DISMISSED**.

3. The Clerk of Court shall enter judgment against Plaintiff, terminate all pending motions, and close this case.

4. The Clerk shall **mail** a copy of this Order to **Warden, Federal Correctional Complex, Post Office Box 1022, Coleman, Florida 33521**.

**DONE** and **ORDERED** in Tampa, Florida on July 7, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro se* Plaintiff

SA: jsh